[No. 4844. Decided December 23, 1903.]

ADOLPH ZIEBELL, *Appellant,* v. ECLIPSE LUMBER COM-
PANY, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE MACHINERY—IN-
DEPENDENT CONTRACTOR IN CHARGE OF MILL—CONTRACT TO MAKE RE-
PAIRS—LIABILITY TO EMPLOYEE OF CONTRACRTOR.  Where defend-
ant, the owner of a new shingle mill, enters into a contract where-
by S, an experienced manufacturer, was to take charge of the
mill, employ and pay all laborers and make all necessary repairs,
and to receive a stipulated sum per thousand for all shingles
manufactured out of timber furnished by defendant, the defend-
ant to furnish new machinery required, which S was to install
at his own expense, S stands in the relation of an independent
contractor, and not of an agent, and defendant would not be liable
for injuries sustained by an employe of S by reason of the ma-
chinery getting out of repair, since defendant did not agree to
make repairs.

Appeal from a judgment of the superior court for Sno-
homish county, Denney, J., entered March 20, 1903, upon
granting a motion for a nonsuit, dismissing an action
founded upon employer's liability, no employment by de-
fendant being shown.  Affirmed.

*G. M. Emory,* for appellant, in addition to cases re-
viewed in the opinion, cited: *Piette v. Bavarian Brew-
ing Co.,* 91 Mich. 605, 52 N. W. 152; *Coughtry v. Globe
Wollen Co.,* 56 N. Y. 124; *Toledo etc. R. Co. v. Conroy,*
39 Ill. App. 351; *Neimeyer v. Weyerhaueser,* 95 Iowa
497, 64 N. W. 416.

*Robert A. Hulbert,* for respondent.  Squires was an in-
dependent contractor, and solely responsible for his own
negligence.  *Conners v. Hennessy,* 112 Mass. 96; *New
Albany Forge etc. Mills v. Cooper,* 121 Ind. 363, 30 N.

[1]Reported in 74 Pac. 680.

E. 294; *Reier v. Detroit Steel etc. Works,* 109 Mich. 244, 67 N. W. 120; *King v. New York Cent. etc. R. Co.,* 66 N. Y. 181, 23 Am. Rep. 37; *State v. Emerson,* 72 Me. 455; *Casement v. Brown,* 148 U. S. 615, 13 Sup. Ct. 672; *Humpton v. Unterkircher,* 97 Iowa 509, 66 N. W. 776. The defendant was under no obligation to keep the mill in repair. *Johnson v. Tacoma Cedar Lumber Co.,* 3 Wash. 722, 29 Pac. 451; *Samuelson v. Cleveland I. Min. Co.,* 49 Mich. 164, 13 N. W. 499; *Riley v. State Line S. Co.,* 29 La. Ann. 791, 29 Am. Rep. 249; *Knoxville Iron Co. v. Dobson,* 75 Tenn. (7 Lea) 367.

PER CURIAM.—This is an action for the recovery of damages for personal injuries alleged to have been sustained by appellant through the negligence of respondent, on March 3, 1902, while appellant was employed as a knee-bolter in respondent's shingle mill. The case proceeded to trial upon the merits before a jury. At the close of the testimony for the plaintiff, defendant moved for a nonsuit, and the motion was granted. Judgment was entered accordingly. From this judgment, the appeal is prosecuted.

The uncontradicted evidence shows, that the defendant was the owner of a shingle mill in the city of Everett; that, about two years prior to the accident, the Eclipse Lumber Company, the defendant in this action, entered into an oral contract with one Squires, wherein it was agreed that Squires should take charge of said mill, employ and pay all the laborers, and make all necessary repairs to the machinery, and manufacture shingles out of timber which was to be furnished by the defendant. The said Squires was to receive a stipulated sum per thousand for all shingles manufactured and delivered upon cars preparatory to their being delivered to the defendant's

dry kiln. It was further agreed that, should any of the machinery become so worn that it was necessary to be replaced, upon a requisition being made by said Squires upon said company, the said company would furnish new machinery, but that the burden and expense of installing the same should be borne by Squires. It is conceded that, at the time this contract was made, the mill was new and in good condition. It is also conceded that Squires was experienced in this line of work, and that the managing officers of defendant company had little or no knowledge of the mechanical part of the business.

More than a month prior to plaintiff's injury he (plaintiff) discovered that one of the rails of the knee-bolter was broken. He notified Squires of the fact, and requested that it be replaced by a new one. The rail was then repaired, and plaintiff continued working as before. Shortly thereafter the rail was broken in another place. Plaintiff made complaint, and the rail was again repaired. After a few days the same rail again got out of order, and plaintiff made a third complaint about it to Squires, who promised to repair it on the following Sunday. He neglected to do so, and on Monday plaintiff went to work, and in an hour or so informed Squires of the condition of the rail, and Squires said he would see about it right away. He again neglected to do so, and afterwards, by reason of this neglect, the carriage was thrown off and plaintiff's hand forced against the saw, resulting in four of his fingers being cut off.

The questions presented are: (1) Is there evidence of actionable negligence on the part of Squires? (2) Did the relation of master and servant exist between defendant and Squires? (3) If such relation did not exist, is defendant liable? If the relation of master and servant did not exist between defendant and Squires, it is immaterial, so far

as this action is concerned, whether the evidence showed actionable negligence on the part of Squires, as Squires is not a party to this action. It seems to us that the questions of law presented may be more tersely stated as follows: Did the relation of master and servant exist between appellant and respondent, and was there evidence of actionable negligence on the part of the respondent? If Squires was the agent of the respondent, and the accident resulted through the negligence of Squires, the respondent would be liable on the principle that the master is liable for the acts of his agent, done within the scope of his authority.

Appellant relies for a reversal principally upon *Whitney v. Clifford,* 46 Wis. 138, 49 N. W. 835, 32 Am. Rep. 703, the circumstances of which are almost identical with those in the case at bar, with this important distinction, however: Clifford was to put the machinery in good repair, and to repair all breakages costing more than $5. Clifford, it seems, failed to put the mill in good repair, and the damage for which recovery was sought was due entirely to his negligence; and, although the court suggests that "there was nothing in the contract which could be construed to create the relation of landlord and tenant," it seems clear to us that, even if the court had found that the relation of landlord and tenant did exist, still the defendant would have been liable, under the terms of his contract, for his negligence in failing to put the machinery in good repair at the outset.

In the case of *Nyback v. Champagne Lumber Co.,* 109 Fed. 732, the defendant was held liable for damages under a state of facts similar to those in *Whitney v. Clifford, supra,* solely because it was its duty to keep the machinery in repair. To the same effect is *Johnson v. Spear,* 76 Mich. 139, 42 N. W. 1092, 15 Am. St. 298, cited by ap-

pellant.  In the case of *O'Driscoll v. Faxon,* 156 Mass.
527, 31 N. E. 685, the court says:

"There was some evidence tending to show that the gen-
eral plan adopted for protecting the bank from falling was
inadequate.  If the jury were of the opinion that it was so,
and that the defendant failed to use reasonable care in
making it safe against accidents, they might lawfully hold
him responsible to one who was himself in the exercise of
due care at the time of the injury."

It seems that in this case defendant Faxon had entered
into a contract with one Smith to do certain mason work,
provide proper protection to the work, and be responsible
for all damages by accident, etc.; but he had himself done
the excavating, and, while Smith agreed to be responsible
for damages under the terms of the contract, that fact
would not necessarily relieve Faxon.  It was conceded that
Faxon owed some duty to the laborers with reference to
protecting the bank, and it seems to us that this fact dis-
tinguishes this case from the case at bar.

From a careful examination of the authorities, we are
satisfied that the contract between Squires and the Eclipse
Lumber Company did not create the relation of agency,
but rather that of an independent contractor, and that the
accident was not due to the negligence of the Eclipse Lum-
ber Company.  The judgment will therefore be affirmed.