[No. 6461.  Decided March 14, 1907.]

RAYMOND L. VOSBERG, *Respondent*, v. MICHIGAN LUMBER
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—GUARDING MACHINERY—FACTORY ACT—
QUESTION FOR JURY. The questions whether an accident could have
been anticipated, and whether means provided for stopping an edger
were a sufficient guard for exposed cogwheels, under the factory act,
are for the jury, where it appears that the machine could not be oiled
with safety without stopping it, and that the plaintiff stopped it for
that purpose and was injured while leaning over exposed cogwheels
in oiling it, through the starting of the machine, since such unex-
pected starting of machines connected to power by gearing is not
uncommon.

SAME—FACTORY ACT—CERTIFICATE OF INSPECTION—EVIDENCE. The
certificate issued by the commissioner of labor upon the inspection
of a factory is only *prima facie* evidence that dangerous machinery
therein has been guarded in compliance with the factory act.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered June 19, 1906, upon the ver-
dict of a jury, rendered in favor of the plaintiff, in an action
for personal injuries sustained by an employee in a sawmill.
Affirmed.

*Agnew & Israel*, for appellant.

*A. M. Abel* and *W. H. Abel*, for respondent.

*R. S. Eskridge* (*Philip Tindall*, of counsel), as *Amicus
Curiae*, contended that the provisions of the factory act, for
an inspection of factories by the commissioner of labor, vested
a discretion in that officer to determine the question whether
the employer had complied with the act, which discretion can-
not be interfered with by the courts. *United States v. Ar-
redondo*, 6 Pet. 691, 8 L. Ed. 547; *Bonbright v. Schoettler*,
127 Fed. 320; *Belcher v. Linn*, 24 How. 508, 16 L. Ed. 754;
*Pauley v. Steam-Gauge etc. Co.*, 131 N. Y. 90, 29 N. E. 999,

[1]Reported in 89 Pac. 168.

15 L. R. A. 194; *Indiana Mfg. Co. v. Wells*, 31 Ind. App. 460; *Robertson v. Ford*, 164 Ind. 538, 74 N. E. 1; *Service v. Shoneman*, 196 Pa. St. 63, 46 Atl. 292, 79 Am. St. 689, 69 L. R. A. 792; *Perry v. Bangs*, 161 Mass. 35, 36 N. E. 683; *Spaulding v. Tucker & Carter Cordage Co.*, 13 Misc. Rep. 398, 34 N. Y. Supp. 237; *Foley v. Pettee Machine Works*, 149 Mass. 294, 21 N. E. 304, 4 L. R. A. 51. The doctrine of these cases has been recognized in this state. *State ex rel. McReavy v. Burke*, 8 Wash. 412, 36 Pac. 281; *Scholpp v. Forrest*, 11 Wash. 640, 40 Pac. 133; *Dillon v. Whatcom County*, 12 Wash. 391, 41 Pac. 174; *Lawrey v. Board of Com'rs Snohomish County*, 12 Wash. 446, 41 Pac. 190; *Olympia Water Works v. Thurston County*, 14 Wash. 268, 44 Pac. 267; *State ex rel. Howlett v. Cheetham*, 19 Wash. 330, 53 Pac. 349; *Mississippi Val. Trust Co. v. Hofius*, 20 Wash. 272, 55 Pac. 54; *State ex rel. White v. Board of State Land Comr's*, 23 Wash. 700, 63 Pac. 532; *State ex rel. Bussell v. Bridges*, 30 Wash. 268, 70 Pac. 506; *Rand, McNally & Co. v. Hartranft*, 32 Wash. 378, 73 Pac. 401; *Welsh v. Callvert*, 34 Wash. 250, 75 Pac. 871; *Seattle & Lake Wash. Waterway Co. v. Seattle Dock Co.*, 35 Wash. 503, 77 Pac. 845; *McNaught-Collins Imp. Co. v. Atlantic & Pac. Pile etc. Co.*, 36 Wash. 669, 79 Pac. 484; *State ex rel. Brown v. Board of Dental Examiners*, 38 Wash. 325, 80 Pac. 544; *Polson v. Callvert*, 38 Wash. 614, 80 Pac. 815; *Nichols v. School District No. 10*, 39 Wash. 137, 81 Pac. 325; *State ex rel. Port Townsend v. Clausen*, 40 Wash. 95, 82 Pac. 187; *Wilsey v. Cornwall*, 40 Wash. 250, 82 Pac. 303; *State ex rel. Reed v. Jones*, 6 Wash. 452, 34 Pac. 201, 23 L. R. A. 340. The servant assumes all risks where the factory act is complied with. *Johnston v. Northern Lumber Co.*, 42 Wash. 230, 84 Pac. 627; *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3.

FULLERTON, J.—The respondent was employed by the appellant to work as oiler and engineer in its sawmill at Aber-

deen. A part of his duty was to oil a certain gang edger, then in operation in the mill, which was connected with the main shaft by friction wheels in such manner as to enable it to be started and stopped without interfering with the operation of the principal machinery. The edger had bearings which could not be reached by the oiler with safety while it was in motion, and it was customary to stop it before proceeding to oil it. On November 1, 1905, the respondent, in the performance of his duty, approached the edger to oil it at the usual time. He first stopped its motion by turning the lever which separated the friction wheels, and then leaned over certain cogwheels used to connect different parts of the edger, and proceeded to oil the inner bearings. The edger started while he was in that position, and the cogwheels caught his left arm and severely crushed and lacerated it. There was no guard over the cogwheels, although it is conceded that they could have been guarded without interfering with the successful operation of the edger. The respondent brought this action under the factory act of 1905, alleging that the appellant was negligent in failing to guard, as required by that act, the gearing causing the injury. The appellant answered the complaint, denying negligence on its part, and pleading affirmatively a compliance with the factory act, and the receiving of a certificate of inspection in accordance with its provisions. A reply was filed putting in issue the new matter in the answer, and on the issues thus made a trial was had, which resulted in a verdict in favor of the respondent for $1,750, on which the judgment was entered from which this appeal is taken.

The appellant first contends that the respondent assumed the risk of injury from the exposed gearing, and that the court erred for that reason in refusing to sustain its demurrer to the complaint, and motion for nonsuit made at the conclusion of the introduction of evidence. The appellant argues, that since the cogwheels on which the respondent was

injured were not dangerous except when in motion, and since his duties did not bring him in contact with them while they were in motion, he must be held to have assumed the risk of injury from any cause other than a defect resulting from negligence in the means provided for starting and stopping the running of the machine; that the means of stopping the machine is of itself a suitable and proper guard against accidents from its exposed gearing, and that the law does not require more than one such guard. The case of *Johnston v. Northern Lumber Co.*, 42 Wash. 230, 84 Pac. 627, is cited as maintaining the contention. But that case we think is clearly distinguishable from the one at bar. There the employer had provided a guard which had been in use and had served as an adequate protection for many years, and had been used for three years without complaint by the injured employee, who was an experienced person. The accident was unexpected and unusual, and one not readily anticipated even by experienced millmen, even if it could have been anticipated at all. It was held that the law only required the employer to provide guards sufficient to protect against such dangers as reasonably intelligent and experienced millmen would anticipate, and inasmuch as the millman had done so in that instance, he could not be denied the right to set up, in an action brought to recover for an injury occurring in spite of the guard, the defense of assumption of risk. In the case before us, however, there was no guard at all over the gearing which caused the respondent's injury. There was nothing unusual about the accident. It is no uncommon thing for clutches, friction wheels, and other forms of gearing used to connect machinery of the kind in question here to the motive power, to catch unexpectedly and start the machinery in motion without any very apparent cause, or at least for no cause than can be more than surmised after the event happens. And it is we think too much to say, as a matter of law, that the accident was one that could not have

been reasonably expected or anticipated by ordinarily careful and prudent men engaged in the business of operating such machinery. The question whether the accident should have been anticipated and the machine guarded was, therefore, one for the jury, and the court very properly submitted it to them. *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3.

The appellant next contends that the court should have granted his motion for nonsuit because it appeared that it had caused its machinery to be inspected by the commissioner of labor, and had procured from the commission a certificate to the effect that it had fully complied with the factory act. But the statute itself (Laws 1905, p. 164, § 7) makes the certificate only *prima facie* evidence of a compliance with the provisions of the act, and the court performed its full duty in this respect when it charged the jury to the effect that the certificate was *prima facie* evidence of a compliance with the statute, and that the burden was on the respondent to overcome that evidence by showing that the gearing causing the injury was not reasonably safeguarded.

It is contended further that the court erred in refusing to give certain requested instructions, but these in so far as they were material were covered by the instructions given.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.