[No. 6755.  Decided June 11, 1907.]

WILLIAM BOYLE, *Appellant*, v. ANDERSON & MIDDLETON LUMBER COMPANY, *Respondent*.[1]

MASTER AND SERVANT — INJURIES TO SERVANT — ASSUMPTION OF RISKS. An offbearer in a sawmill cannot recover for injuries sustained in a fall by reason of the constant accumulation of sawdust, bark and refuse upon the floor where he was required to walk, where he was in a position to observe the gradual change and made no complaint to the foreman, who was not shown to have personal knowledge thereof.

SAME — GUARDING DANGEROUS MACHINERY — FACTORY ACT — QUESTION FOR JURY. A nonsuit is error in an action by an offbearer who slipped and fell, throwing his hand into gearing for the live rolls which bear away lumber from a saw, and which were guarded only on top, and unprotected on the lower side about eight inches from the floor, along which gearing the plaintiff was required to walk; since it was a question for the jury whether the gearing could have been, or was, effectively guarded, or whether the accident should have been reasonably anticipated.

[1]Reported in 90 Pac. 433.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered February 21, 1907, upon sustaining a motion for nonsuit, dismissing an action for personal injuries sustained by an offbearer in a sawmill.    Reversed.

*Govnor  Teats*, for appellant.

*W. H. Abel, A. M. Abel, F. S. Blattner*, and *Frank H. Kelley*, for respondent.

ROOT, J.—This is a personal injury case, brought by the plaintiff against the defendant mill company, charging two grounds of negligence.

First:  The failure of the mill company to have and maintain a reasonably safe working place for the plaintiff, in that sawdust, bark and other refuse were permitted to accumulate on the floor where plaintiff was required to walk, whereby he slipped and fell; and second, in the failure of the defendant to make plaintiff's place of work reasonably safe by properly guarding the cogwheels and gearings which operate the live rolls along, by, and close to which he was required to work, as provided by the factory act of 1905.

In support of the first ground, appellant introduced evidence tending to sustain most if not all of his allegations.   It, however, appeared that appellant was in a position to observe the constant, gradual change produced by means of the sawdust, bark and refuse falling and remaining upon the floor, and that he made no complaint to the foreman or other representative of the respondent although he could readily have so done.   It does not appear that the foreman was personally present or knew that said sawdust, bark and refuse were not being properly removed from the place where appellant was working.

Touching the second ground of negligence alleged, it appeared from the evidence that appellant had been working for respondent several years, and at the time of the accident, and for about six months prior thereto, had been working for

it in the capacity of offbearer along the rolls extending from the head saw back through the mill. These rolls, about twenty in number, were operated by shafting and gearing situated on the cant-deck side of the rolls, on the opposite side from the carriage way. The cogs of this gearing turned in from the lower side. They were about seven to nine inches above the floor. Over the top of each was a cap placed there as a guard or protection to prevent any person from coming in contact therewith. Originally these gearings had been completely covered and boxed in by boiler plate or sheet-iron. Upon rebuilding the framework of the rolls, the top shield or cap was substituted for the boiler plate, it being claimed by respondent that the latter was not practical. It was appellant's duty to walk back and forth near the shaft that operates the gearing mentioned and attend to the boards and slabs as they were conveyed upon the live rolls. While engaged in this work, he slipped, as he claims, upon the sawdust or a piece of bark, and fell to the floor upon his back, and his right hand, being thrown up in a natural manner, came in contact with the cogs and gearings, drawing his arm therein up to his elbow.

It is the contention of the appellant that these cogs and gearings could have been, by reasonable guards, covered so as to have prevented the accident, and that this could have been done with due regard to the ordinary uses of such machinery and the danger to the employees therefrom. Respondent urged that the guard which it had over said gearing was a sufficient compliance with the factory act, and that it is impractical to have a covering that would entirely enclose the gearing, and especially such a one as would prevent one's hand from coming in from the under side; and it further maintains that the accident was an occurrence that an ordinary prudent millowner could not be held to have anticipated. The trial court sustained a motion for a nonsuit and dismissed plaintiff's action. From that judgment this appeal is prosecuted.

As to the first ground of negligence, we think the trial court's conclusion was right; but as to the second, we are constrained to hold, upon the authority of *Noren v. Larson Lumber Co., ante* p. 241, 89 Pac. 563, that the learned court was in error. Under the factory act and the case just cited, this case should have been submitted to the jury upon the questions as to whether the guard and covering used by respondent constituted a "reasonable safeguard," and whether it was "practicable to guard" the cogs and gearings so as to have prevented the injury to appellant, and whether they were "effectively guarded with due regard to the ordinary use of such machinery and appliances"; and as to whether this accident was such an occurrence as an experienced millowner or operator of ordinary prudence, care, and skill might reasonably have anticipated.

The judgment of the honorable superior court is reversed and the cause remanded for a new trial.

HADLEY, C. J., FULLERTON, RUDKIN, CROW, MOUNT, and DUNBAR, JJ., concur.