[No. 6877. Decided November 5, 1907.]

WILLIAM ADAMS, *a Minor, by His Guardian etc., Respondent,* v. PETERMAN MANUFACTURING COMPANY, *Appellant.*[1]

APPEAL—REVIEW—WAIVER OF ERROR—TRIAL. Error in refusing to grant a nonsuit is waived by proceeding with the trial.

TRIAL—DIRECTION OF VERDICT—JUDGMENT NOTWITHSTANDING VERDICT. Insufficiency of the evidence may be urged after waiver of a nonsuit, by a motion to direct a verdict, or for judgment notwithstanding the verdict.

MASTER AND SERVANT — INJURIES — GUARDING MACHINERY — QUESTIONS FOR JURY. Where there was competent testimony that cutter heads in a grooving machine could have been practically and efficiently guarded, under the factory act, the questions of credibility of the evidence, and whether they should have been guarded, are for the jury.

[1]Reported in 92 Pac. 339.

SAME—EVIDENCE—RELEVANCY—STATEMENTS OF THIRD PERSONS—INTENTIONS OF MASTER. Evidence of discussions between the appellant's foreman and a deputy factory inspector as to the propriety of guarding machinery, and of the master's future intentions, is inadmissible upon an issue as to whether a guard was necessary.

DAMAGES — PERSONAL INJURIES — EXCESSIVENESS. A verdict in favor of a minor for $1,119.25 for damages for tearing off one finger and lacerating the thumb and second finger is not excessive.

Appeal from a judgment of the superior court for Pierce county, Black, J., entered January 30, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor employed in operating a sash sticker. Affirmed.

*R. S. Eskridge* and *Philip Tindall,* for appellant.

*G. P. Fishburne* and *Ellis & Fletcher,* for respondent.

RUDKIN, J.—On the 17th day of May, 1906, the plaintiff, who is a minor, was in the employ of the defendant and was engaged in plowing grooves in sash stiles, about eighteen inches in length, on a machine known as a sash sticker. This machine consisted of a slightly inclined table, about eight inches wide and two and one-half feet long, having a slot about four and one-half inches in length through which the revolving cutter-heads projected. The cutter-heads, two in number, were chisel-like devices, revolving on a shaft, by which a groove about one-half inch wide and one-half inch deep was plowed or cut in the sash. In operating the machine the operator stood at one side of the table, placed the stile against a gauge about seven and one-half inches in length alongside of the slot through which the knives projected, and pushed the stile along until it struck a lug projecting from the table. The operator would then press a lever with his foot, causing a revolving bit to spring up and bore a hole in the stile about two inches beyond the end of that portion which had been cut or plowed. As soon as the hole was bored,

the bit and lug would drop automatically and permit the stile to be pushed forward to a second lug which would stop the stile as soon as the remainder of the groove was cut as far as the bit hole. In plowing the stiles one of them in some manner got beyond the control of the plaintiff as he pushed it over the machine, and was kicked back by the cutter-heads upon which his hand fell, causing the injury complained of.

The complaint contained two causes of action: The first, under the factory act for failure to guard the cutter-heads; the second, a common law action for negligence based upon the allegations that the plaintiff was a minor and was not given proper instruction as to the dangers incident to the operation of the machinery; that the gauge above referred to was too short; that the screw fastening the gauge was defective, and that the knives in the cutter-heads were dull. The plaintiff had judgment in the sum of $1,119.25, and the defendant appeals.

The errors assigned in the original brief are, the refusal of the court to grant a nonsuit, the refusal of the court to direct a judgment in favor of the appellant at the close of all the evidence, the refusal to direct a judgment for the appellant notwithstanding the verdict, the rejection of certain testimony offered by the appellant, and the refusal of a new trial. Any error in the refusal to grant a nonsuit was waived by proceeding with the trial after the motion for nonsuit was denied, but the same question is presented by the motion to direct a verdict and for judgment notwithstanding the verdict. There was unquestionably competent testimony tending to show that the cutter-heads in question could have been guarded practically and effectively, with due regard to the ordinary use of the machine, and that the accident complained of would not have occurred had such guard been in use. Whether this testimony was credible, and whether the guard was practical and efficient, presented questions of fact for the consideration of the jury, and their verdict is binding on this

court. *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3; *Rector v. Bryant Lumber etc. Co.*, 41 Wash. 556, 84 Pac. 7; *Vosberg v. Michigan Lumber Co.*, 45 Wash. 670, 89 Pac. 168; *Campbell v. Wheelihan-Weidauer Co.*, 45 Wash. 675, 89 Pac. 161.

The several motions based on the insufficiency of the testimony to sustain the verdict were properly denied. The evidence rejected consisted of discussions between the appellant's foreman and the deputy factory inspector as to the necessity and propriety of guarding the machine, and as to the future intentions of the appellant in relation to such a guard. Such testimony was clearly incompetent and was properly rejected. In a supplemental brief numerous errors are assigned in the giving and refusing of instructions. The instructions were somewhat involved, by reason of the union of the statutory action and the common law action in the same complaint, but when the charge of the court is taken as a whole we think it was as favorable to the appellant as the law would warrant.

The only new question presented by the motion for a new trial is that the verdict is excessive. It cannot be said as a matter of law that a verdict in the amount returned by the jury for literally tearing off one finger and lacerating the thumb and a second finger is excessive, or is the result of passion or prejudice on the part of the jury.

Finding no error in the record the judgment is affirmed.

Hadley, C. J., Fullerton, Crow, Mount, Root, and Dunbar, JJ., concur.