[No. 7417.   Decided December 23, 1908.]

ARCHIE VON POSTEL, *a Minor, by His Guardian, etc.,
Respondent,* v. LAKE SAMMAMISH SHINGLE COMPANY,
*Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—NATURE AND CAUSE OF ACCI-
DENT—EVIDENCE—SUFFICIENCY.  A recovery for injuries sustained by
a boy while attempting to operate a band saw is not precluded by the
fact that he could not explain how he came in contact with the saw,
where it appears that he was but seventeen years of age, wholly
without experience, and had been set to work without proper in-
structions, and was doing his work as best he could.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 22, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained by an operator of a band saw. Affirmed.

[1]Reported in 98 Pac. 665.

*McClure & McClure*, for appellant, contended that there was no evidence as to how the accident happened, and it was therefore error to submit the question of negligence to the jury. *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457; *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County*, 33 Wash. 174, 73 Pac. 1118; *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Stone v. Crewdson*, 44 Wash. 691, 87 Pac. 945; *Gardner v. Porter*, 45 Wash. 158, 88 Pac. 121; *Peterson v. Union Iron Works*, 48 Wash. 505, 93 Pac. 1077; *Hyer v. Janesville*, 101 Wis. 371, 77 N. W. 729; *Mountain Copper Co. v. Van Buren*, 123 Fed. 61; *Brady v. Western Union Telegraph Co.*, 113 Fed. 909; *Duntley v. Inman*, 42 Ore. 334, 70 Pac. 529, 59 L. R. A. 785; *Philadelphia & Reading R. Co. v. Schertle*, 97 Pa. St. 450; *Patton v. Texas & Pac. R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; *Lindall v. Bode*, 72 Cal. 245, 13 Pac. 660, *Baulec v. New York etc. R. Co.*, 59 N. Y. 356; *Sauer v. Union Oil Co.*, 43 La. Ann. 699, 9 South. 566.

*Dudley G. Wooten*, for respondent, cited: *Barrett v. Banner Shingle Co.*, 45 Wash. 12, 87 Pac. 919; *Stark v. Port Blakely Mill Co.*, 44 Wash. 309, 87 Pac. 339; *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62; *Jancko v. West Coast Mfg. & Inv. Co.*, 34 Wash. 556, 76 Pac. 78; *Id.*, 40 Wash. 230, 82 Pac. 284; *Donald v. Ballard*, 34 Wash. 576, 76 Pac. 80; *Boyer v. Northern Pac. Coal Co.*, 27 Wash. 707, 68 Pac. 348; *Roberts v. Spokane St. R. Co.*, 23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184; *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641, 31 L. R. A. 855, *Steele v. Northern Pac. R. Co.*, 21 Wash. 287, 57 Pac. 820.

Rudkin, J.—On the 3d day of December, 1906, the plaintiff was employed by the defendant to work in and about its shingle mill, on Lake Sammamish, in King county,

and commenced work on the following morning. During the forenoon of the first day, he assisted in gathering up shingle bolts on the lake, and during the afternoon carried wood from the mill to the home of the manager. On the second day he assisted in piling and counting shingles until late in the afternoon, and then operated a band saw used in sawing bands for shingles for a short time. On the morning of the third day, he again attempted to operate the band saw, and had been engaged in that work but a few minutes when his hand came in contact with the saw, causing injuries for which a recovery was sought in this action. From a judgment in favor of the plaintiff, the defendant has appealed. The only errors assigned are based on the insufficiency of the evidence to sustain the judgment.

At the time of receiving the injuries complained of, the respondent was a few days under the age of seventeen years. He had no prior experience in working in mills, and knew nothing whatever about the management or operation of band saws, or any other kind of machinery. He did not know where to stand while operating the saw, and was so awkward and inexperienced in his work that his first act was to tip the slide or table from the saw frame onto the floor. According to his testimony he received no instructions as to the safe and proper method to operate the saw, and no warning against the dangers incident to such operation; and according to the testimony of the appellant, the instructions given were meager and wholly inadequate.

It is not contended that the evidence was insufficient to establish negligence on the part of the appellant in placing an inexperienced boy at work in a dangerous place without proper and adequate instructions to insure his safety. Indeed, the testimony was ample in that regard, and the negligence on the part of the appellant might well be characterized as gross and inexcusable. Nor is it contended that the respondent was guilty of contributory negligence as a matter of law. The sole contention is that the evidence failed to show

just how the accident happened, and that therefore there was nothing to submit to the jury or to warrant a verdict in favor of the respondent. According to the testimony of the respondent, he was attempting to operate the saw as best he knew how, at the time he received his injury; and while he candidly admitted that he did not know just how or why the accident occurred, when we consider his inexperience and the ease and deplorable frequency with which such accidents happen, it is not at all surprising that the unfortunate victim should not always be able to explain in detail the exact cause of the accident. If he knew and was able to explain how he came in contact with the saw after the accident, he could in all probability have avoided the accident in the first instance. As said by this court in *Wikstrom v. Preston Mill Co.*, 48 Wash. 164, 93 Pac. 213, "the danger from voluntary contact with the saw is not the only danger to guard against. There is also the danger from involuntary contact brought about from the improper use of the saw"; and where the contact is involuntary or accidental, the ability of the party to fully explain how the accident happened should not be deemed conclusive against him.

When the jury in this case found, under proper instructions, that the failure on the part of the appellant to properly instruct the respondent in the use of the saw, or to warn him against danger, was the direct and proximate cause of his injury, they but voiced a conclusion which followed naturally, if not inexorably, from the facts and circumstances in the case. The conclusion here announced is supported by the decision of this court in *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62. The appellant relies chiefly on the case of *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457. It must be conceded that the two cases have many points in common, but in the case at bar there was less room for speculation as to the cause of the accident, the respondent was less experienced and less fully instructed,

and without attempting to distinguish the cases further, we will only add that we are not inclined to extend the rule there announced.

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.