[No. 10840. *En Banc.* November 25, 1913.]

KIRSTINE JENSEN, *Administratrix etc., Appellant,* v.
SHAW SHOW CASE COMPANY, *Respondent.*[1]

TRIAL—PROVINCE OF COURT AND JURY. Under Const., art. 1, § 21, providing that the right to trial by jury shall remain inviolate, the courts cannot trench on the province of the jury upon questions of fact if there is any evidence, direct or circumstantial, to warrant their verdict.

MASTER AND SERVANT—INJURY TO SERVANT—GUARDING SAW UNDER FACTORY ACT—EVIDENCE—QUESTION FOR JURY. In an action for the death of an operator of a ripsaw, who was killed when the board pinched and was kicked back by the saw, whether the saw was properly guarded, under the factory act, is a question for the jury, where it appears that the saw was supplied with a hood, approved by the commissioner of labor, but experts testified that the hood was inadequate and impracticable, and that a spreader would have prevented an accident through pinching and kicking back; since the factory act, Rem. & Bal. Code, § 6593, makes the labor commissioner's certificate of approval only *prima facie* evidence of the sufficiency of the guard, and the question is usually for the jury unless reasonable minds could not differ.

SAME—INJURY TO SERVANT—DEATH—PROXIMATE CAUSE—EVIDENCE —SUFFICIENCY. The cause of the death of the operator of a ripsaw is not left to mere speculation and conjecture, but is for the jury, where it appears that the master had negligently failed to provide a spreader to prevent the board from pinching and being kicked back by the saw, the board the deceased had been sawing had marks indicating to men of experience that it had pinched and was hurled against the deceased, who was killed by being struck in the abdo-

[1]Reported in 136 Pac. 698.

men, and that the marks on the board, and the force with which it
must have been thrown precluded the inference that it had come
in contact with the top of the saw through the negligence of the
deceased.

Mount, J., dissents.

Appeal from a judgment of the superior court for King
county, Gay, J., entered April 24, 1912, in favor of the de-
fendant notwithstanding the verdict of a jury for the plain-
tiff, in an action for wrongful death. Reversed.

*Martin J. Lund,* for appellant.

*John P. Hartman,* for respondent.

Gose, J.—This action is brought to recover damages un-
der the factory act, Rem. & Bal. Code, § 6587 *et seq.* (P. C.
291 § 61). The husband of the plaintiff administratrix sus-
tained an injury, from which he died two days later, while
operating a circular ripsaw in the factory of the defendant
company. He was a cabinet maker and accustomed to the
use of saws. There were two saws in the factory, one a
trimmer or cut-off saw and the other a ripsaw. He was
engaged in cutting panels to an exact size, and while thus
engaged and when the saw had passed through the panel or
just as it was about to do so, the board kicked back and
struck him in the abdomen. At the close of the plaintiff's
testimony, the defendant moved for a nonsuit, which was de-
nied; and at the close of all the testimony, defendant moved
for a directed verdict, which was also denied. There was a
verdict for the plaintiff. Following the return of the verdict,
the defendant moved for a judgment *non obstante,* and in
the alternative for a new trial. The motion for new trial was
denied, and the motion for a judgment *non obstante* was
granted; whereupon a judgment was entered in the defend-
ant's favor. Plaintiff has appealed.

The testimony submitted by the appellant tends to prove,
that the respondent failed to provide a practicable or efficient
safeguard for the protection of its workmen while operating

the ripsaw; that the only practicable guard is a spreader or splitter, an upright piece of steel fastened to the saw table a few inches back of the saw. The purpose of this appliance is to spread the board so that it will not pinch the saw. The testimony is to the effect that kickbacks come from pinching; that is, that the saw picks up the material and throws it toward the workman. Several witnesses testified that with a spreader the injury could not have happened. The respondent had installed a guard over its saws, which had been approved by the commissioner of labor, whose certificate it produced and filed as an exhibit. The guard provided is a hood made of woven wire, hung upon gas pipe suspended from the ceiling, to be lowered and adjusted by the workmen. The jury inspected the factory during the trial and watched an operator put a panel through the saw, with and without the use of the hood.

The first proposition advanced by the respondent to sustain the judgment is:

"(a) If a good and sufficient guard is furnished for a machine and a workman skilled in the business of using the machine is instructed to use the guard by the employer, but does not use it, then is the workman injured on the machine guilty of contributory negligence when said injury could not have happened had the guard been used?"

The crucial question is, Who shall determine the sufficiency of the guard? The constitution, art. 1, § 21, provides that the right of trial by jury "shall remain inviolate." This provision is pregnant with meaning. The courts have no right to trench upon the province of the jury upon questions of fact. It is only where there is no evidence, either direct or circumstantial, which warrants the verdict of the jury, that the courts may interfere. In proper cases, the jury is an arm of the court; its province is to find the facts, and the province of the court is to declare the law. A number of witnesses testified that the guard provided was cumbersome and inadequate; that it could not be used upon polished wood

such as the deceased was working upon at the time he sustained the injury. The reason assigned is that it would scratch the wood. Witnesses also testified that the hood was never used, and that the respondent's foreman admitted its impracticability. They further testified that, had a spreader or splitter been used, there could have been no pinch; hence, no kickback, and no injury. Upon these facts, it was clearly a question for the jury whether the guard provided complied with the factory act. The legislature could have provided that the certificate of the labor commissioner as to the sufficiency of the guard would be conclusive, but it did not do so. It made it simply *prima facie*. Rem. & Bal. Code, § 6593 (P. C. 291 § 73). In other words, it left the question of the sufficiency of the guard to be determined by the jury, like other questions in the case. The factory act (Rem. & Bal. Code, § 6587; P. C. 291 § 61), requires the employer who operates a factory to "provide and maintain in use" reasonable safeguards, where it is practicable to guard the machinery with which an employee is "liable to come in contact" while in the performance of his duty. Except in unusual cases, such as where the minds of reasonable men could not differ, it is for the jury to determine whether the employer has complied with the provisions of this act. *Benner v. Wallace Lumber & Mfg. Co.*, 55 Wash. 679, 105 Pac. 145; *Young v. Aloha Lumber Co.*, 63 Wash. 600, 116 Pac. 4; *Vosberg v. Michigan Lumber Co.*, 45 Wash. 670, 89 Pac. 168; *Noren v. Larson Lumber Co.*, 46 Wash. 241, 89 Pac. 563; *Boyle v. Anderson & M. Lumber Co.*, 46 Wash. 431, 90 Pac. 433; *Tergeson v. Robinson Mfg. Co.*, 48 Wash. 294, 93 Pac. 428.

The respondent relies on *Daffron v. Majestic Laundry Co.*, 41 Wash. 65, 82 Pac. 1089; *Johnston v. Northern Lumber Co.*, 42 Wash. 230, 84 Pac. 627; and *Burns v. Luedinghaus*, 65 Wash. 448, 118 Pac. 305. In the *Daffron* case, the court said:

"The law is well settled that, where an employer places a guard sufficient to protect against all dangers reasonably to

be anticipated, he is not guilty of negligence because the guard fails to protect against an unforeseen danger against which it was not intended as a protection."

The same view is announced in the *Johnston* case. In the *Burns* case the majority of the court were of the opinion that the saw had been guarded in the only way in which it could have been guarded. An examination of these cases will show that they are *sui generis* upon the facts, and that they do not impinge upon the general rule as we have announced it, *i. e.*, that except in unusual cases the question of the sufficiency of the guard must be determined by the jury. This view is made prominent in the *Young* case, where the court said:

"The court seems, also, to have held that appellant assumed all the risks of working at the saw, because he had been properly instructed and knew something of machinery. This was not ground for a nonsuit, if, in fact, the guard in use was not a reasonably safe one and a reasonably safe guard was practicable, and if, in fact, the appellant would not have been injured had a reasonably safe guard been used. These were questions for the jury."

The next proposition suggested by counsel for the respondent is:

"(b) When an injury to a workman occurs which might have happened in one of several ways, but there is no evidence as to how it occurred, then is negligence imputable to the employer because of such accident when a saw was being used without the knowledge of the employer and without the workman adjusting a guard for his own protection, which guard would have fully protected him, the workman knowing all the dangers and the risks of the employment?"

The suggestion that the guard was sufficient has been sufficiently met. No one saw the accident, and hence it is argued by the respondent that it is a matter of speculation and conjecture as to whether the panel was pinched and thrown back by the saw, or whether the deceased picked it up and negligently allowed it to catch the saw. The vice of this argument lies in this, that men of large experience in such work testified

that, if the board had not been pinched but had merely fallen upon the saw, it would not have been thrown with sufficient force to cause a serious injury. The suggestion is subject to another criticism. There was abundant evidence to warrant the jury in finding that the death of the deceased was caused by the panel pinching, and that the pinch was due to the failure of the respondent to furnish a suitable guard. Again, negligence is never presumed, but must be proven. It would be going altogether too far to say that a verdict is based upon speculation or conjecture where the negligence of the employer is shown, and that negligence is of such a character as to produce the injury in controversy, and where to overthrow the verdict the court would be required to presume that the workman was himself guilty of negligence. There was ample evidence to justify the inference that the board pinched as it passed through the outer edge of the saw, and was thrown against the deceased with such violence as to cause his death.

The respondent, to sustain this contention, relies upon the case of *Peterson v. Union Iron Works,* 48 Wash. 505, 93 Pac. 1077. In that case a piece of board was found after the accident near where the operator would ordinarily stand in the discharge of his duty. The board had some marks upon it, indicating that it might have been caught by the teeth of the saw and hurled against the deceased. The court said that these were the only facts or circumstances tending even remotely to show the cause of the accident or how it happened. In this case, as we have already said, men of large experience testified that the marks upon the board indicated to an experienced man that the panel pinched and was thrown upon the saw, and that the marks excluded the inference that the workman himself brought the panel in contact with the top of the saw. In the *Young* case, *supra,* in answer to a similar contention, this court said:

"When, from all the circumstances developed by the evidence, it becomes reasonably apparent that the injury oc-

curred because of an insufficient guard, then, in the absence of contradictory evidence, a nonsuit should not be granted for lack of direct evidence showing just how it occurred. There is no valid reason why the same rule should not apply in such a case as in cases where the master has failed to instruct the operator and warn him of the danger. 'Where the contact is involuntary or accidental, the inability of the party to fully explain how the accident happened should not be deemed conclusive against him.' *Von Postel v. Lake Sammamish Shingle Co.*, 51 Wash. 261, 98 Pac. 665."

Without encroaching upon the constitutional guaranty of trial by jury, this court cannot say, either that the guard furnished by the respondent was adequate, or that there is neither evidence nor justifiable inference of sufficient value to sustain the verdict. The judgment is reversed, with directions to enter a judgment upon the verdict.

CROW, C. J., ELLIS, MAIN, PARKER, and FULLERTON, JJ., concur.

MOUNT, J., dissents.