[No. 12804. Department Two. February 2, 1916.]

NETTIE WOODWORTH, *Respondent,* v. THE CITY OF DAYTON,
*Appellant.*[1]

MUNICIPAL CORPORATIONS — STREETS — INJURY TO TRAVELER — OB-
STRUCTIONS — PROXIMATE CAUSE — EVIDENCE — SUFFICIENCY. Whether
the negligence of the city, in leaving a pile of gravel and building
stone near the center of a road without lights at night, was the
proximate cause of plaintiff's injuries, when she was thrown from
her horse onto the pile, does not rest entirely in speculation or con-
jecture, and is a question for the jury, where witnesses heard the
horse's feet strike the gravel or stone and plaintiff's simultaneous
outcry, and immediately afterwards found her unconscious on the
pile, in such a position as to indicate almost positively that the horse
had stumbled on the pile or suddenly turned so as to throw the
plaintiff off.

Appeal from a judgment of the superior court for Co-
lumbia county, Miller, J., entered November 30, 1914, upon
the verdict of a jury rendered in favor of the plaintiff, in
an action for personal injuries sustained through an obstruc-
tion in a street. Affirmed.

*Leon B. Kenworthy,* for appellant.

*R. M. Sturdevant* and *Will H. Fouts,* for respondent.

PARKER, J.—This is an action to recover damages for
personal injuries which the plaintiff alleges she suffered as
the result of the negligence of the city. Trial before the su-

[1]Reported in 154 Pac. 790.

perior court with a jury resulted in verdict and judgment in favor of the plaintiff, from which the city has appealed to this court. The only question here presented is as to the sufficiency of the evidence to sustain the verdict and judgment, which question was presented to the superior court during the course of and at the conclusion of the trial by appropriate motion made in the city's behalf, and overruled by the trial court.

There was introduced upon the trial evidence sufficient to warrant the jury in believing the following: For some time prior to and after the 16th day of July, 1914, the city suffered a pile of building stone and gravel, which was being used for concrete and masonry work, to be and remain upon a considerable portion of Patit avenue. This stone and gravel obstructed the roadway portion of the avenue used by horses and vehicles, to a considerable extent, so that it was necessary for such travel to pass around the obstruction close to the parking on one side. No warning lights of any nature were maintained showing the location of the obstruction. The ordinary street lights did not show its location or existence, and it was not discoverable after dark, except upon close inspection. It was some two to two and one-half feet high, and extended somewhat more than half way across the traveled portion of the roadway.

About nine-thirty o'clock of the evening of July 16th, respondent was riding horseback along the avenue on the usually traveled portion of the roadway, towards this obstruction, ignorant of its existence. It was then dark. She was not riding recklessly as to speed or otherwise, though apparently riding faster than a walk. On suddenly coming to the obstruction, she was thrown from the horse onto or near the pile and severely injured. It happened so suddenly, and she being rendered unconscious at the time, she was thereafter unable to assign any positive cause therefor. Other witnesses plainly heard her horse's feet strike the

gravel or stone and her outcry at almost the same instant. She and her horse were immediately thereafter found in such positions relative to the pile as to indicate that the horse had, upon reaching the pile, either stumbled upon it or suddenly stopped and turned to the right in such manner as to throw her forward and somewhat to the left, upon or near the extreme outer end of the pile, the pile being on the right side of the roadway as she was traveling, and obstructing the roadway to a point somewhat beyond the middle thereof. The jury viewed the location and, by consent of the parties, the location of the obstruction was pointed out to the jury by a witness who was familiar with it.

There is no contention made that the city was not negligent in so suffering this obstruction to be maintained in the avenue, nor that respondent was guilty of contributory negligence. But the real contention made in behalf of the city is that the evidence does not show that its negligence was the proximate cause of the injuries received by respondent, and that the conclusion reached by the jury has no basis other than speculation and conjecture. While it must be conceded that the evidence does not present a very clear case against the city as to its negligence being the proximate cause of respondent's injuries, we nevertheless think that there is reasonable ground, in the light of the facts we have noticed, for difference of opinion upon this question. While there are other possible theories of the case compatible with the city's negligence not being the proximate cause, upon the whole evidence the jury might well believe that it appeared more probable that respondent's injuries came from the city's negligence, that is, that the obstruction caused the horse to stumble or suddenly stop and turn to the right throwing respondent off, than from any other cause. We think, therefore, that the cause was properly left to the jury for decision. Observations made in the following decisions are in harmony with this conclusion. *Graaf v. Vulcan Iron Works,* 59 Wash. 325, 109 Pac. 1016; *Jensen v. Shaw Show*

*Case Co.*, 76 Wash. 419, 136 Pac. 698; *Atwood v. Washington Water Power Co.*, 79 Wash. 427, 140 Pac. 343.

The judgment is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.