[No. 6020. Decided February 2, 1906.]

JOHN P. RECTOR, *Appellant,* v. BRYANT LUMBER & SHINGLE MILL COMPANY, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—UNGUARDED CHIPPER—ASSUMPTION OF RISK—QUESTION FOR JURY. Upon a conflict in the testimony as to whether a saw, used for the purpose of chipping off the top part of the larger logs, could be advantageously guarded, under the factory act, the question is one of fact for the jury and not of law for the court, where there was ample testimony, if believed, to establish the fact that it could be guarded.

SAME—CONTRIBUTORY NEGLIGENCE. Where a workman comes in contact with unguarded machinery which he is not operating, the rule as to his contributory negligence is different from the rule where the machinery is under his immediate control.

SAME—KNOWLEDGE OF DANGER—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a sawyer, who was injured in giving a signal by throwing up his hand, coming in contact with the revolving knives of a chipper over the sawyer's pit, is guilty of contributory negligence, is a question for the jury, where it appears that the distance from the floor to the chipper was seven or eight feet, that ten inches of sawdust had accumulated in the floor of the pit, but the foreman did not have the same removed when it was called to his attention at the noon-hour, and where the other methods of giving the signal were by a rope of which the plaintiff had no knowledge, or by leaving his position and going around the end of the log; since a person is not guilty of contributory negligence as a matter of law simply because he had previous knowledge of the danger.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 11, 1905, in favor of the

1Reported in 84 Pac. 7.

defendant, upon granting a nonsuit at the close of plaintiff's case, dismissing an action for personal injuries sustained by a sawyer through coming in contact with an unguarded chipper in a mill.  Reversed.

*McCafferty & Bell,* for appellant.
*Graves, Palmer, Brown & Murphy,* for respondent.

RUDKIN, J.—On the 30th day of August, 1903, the plaintiff entered the employ of the defendant as a sawyer in its mill.  As sawyer it was the plaintiff's duty to operate the log carriage and the large or principal saw used to saw the logs into lumber.  The sawyer occupied a position in a small pit, about four feet square and two feet deep, and closed on three sides with boards, and on the fourth by the log carriage. There was no grating in the bottom or sides of this pit to permit of the escape of the sawdust and bark which accumulated therein through the operations of the mill.  During the forenoon of the day on which the plaintiff was employed, the sawdust and bark accumulated in this pit to the depth of about ten inches.  About the noon-hour the plaintiff called the attention of the mill foreman to this accumulation, but the same was not removed.

Above the log to be sawed, and slightly to one side of the pit in which the sawyer stood, a machine called a "chipper" was installed for the purpose of chipping off the top part of the larger logs in advance of the saw.  The distance from the floor of the pit occupied by the sawyer to this chipper was seven or eight feet, and the sawdust in the bottom of the pit would reduce this distance to the extent of the accumulation of sawdust.  Another employee, called the "setter," occupied a position on the opposite side of the carriage from the sawyer. When the log brought forward on the carriage reached the proper position, it was the duty of the sawyer to signal the setter to that effect.  The signal was given by the plaintiff

in this instance by raising his left hand slightly above his head so that it could be seen by the setter over the log.

On the afternoon of the day on which the plaintiff was employed, a large log was brought into the mill and, as the log and carriage reached the desired position, the plaintiff raised his hand to signal the setter. As he did so, his hand came in contact with the revolving knives in the chipper above the log, causing the loss of three fingers. This action was brought to recover damages for the injuries so received. While other grounds of negligence are charged in the complaint, the only ground discussed on this appeal was the failure of the defendant to properly guard the chipper in question as required by the so-called factory act. Laws 1903, p. 40. At the trial the court below directed a nonsuit at the close of the plaintiff's case, and from the judgment of nonsuit this appeal is taken.

The appellant contends that the failure of the respondent to guard the chipper which caused the injury constituted negligence on its part, that the defense of assumption of risk does not obtain in such cases, and that the question of contributory negligence on the part of the appellant was for the jury. In answer to this, the respondent contends, (1) that the factory act has no application, because the chipper in question could not be advantageously guarded; (2) that the appellant was guilty of contributory negligence as a matter of law. In support of the first contention on the part of the respondent, it is urged that the chipper could not be guarded advantageously, and that the question whether it could or not, and of the applicability of the statute, was for the court and not for the jury. In support of this view counsel cite *Hoveland v. Hall Bros. Marine R. etc. Co., ante* p. 164, 82 Pac. 1090. In that case the court held, as a matter of law, that the shafting which caused the injury could have been guarded advantageously. Indeed, the principal contention of the appellant in that case was over the construction of the statute, and not over its application to the offending shafting.

Doubtless many cases will arise in which the court can say, as a matter of law, from the location of the machinery and the uses to which it is applied, that it can or cannot be advantageously guarded; but between these extremes there will necessarily arise a large class of cases where the question will be solely one of fact. The statute does not attempt to specify the particular machinery that shall be guarded, but declares that all machinery of a certain class shall be provided with proper safeguards where this can be done advantageously. If there is a conflict in the testimony as to whether a particular machine can or cannot be advantageously guarded, the question must be submitted to the jury under proper instructions. Under our system of jurisprudence there is no other way to determine the fact. In this case there was ample testimony, if believed by the jury, to establish the fact that the chipper in question could have been guarded advantageously, and if the jury so found, this would establish negligence on the part of the respondent as a matter of law, and preclude the defense of assumption of risk.

In support of the defense of contributory negligence, the respondent first contends that there were other ways in which the signal might have been given with entire safety. True, the appellant testified that he was informed after the injury that there was a rope by means of which the signal might have been given, but that he knew nothing of this prior to the injury; and further that he might have given the signal by leaving his position and going around the end of the log. Whether there was another practical method of giving the signal in question could not be decided on the record before us as a matter of law. The other ground of contributory negligence, and the one upon which the court below apparently based its ruling, was the fact that the appellant knew where the chipper was, knew that it was unguarded, and knew that if his hand came in contact with the revolving knives injury would result. In passing upon the motion for nonsuit, the court said:

"It must have been in a moment of forgetfulness that the plaintiff threw his hand up in contact with the knife. The law does not permit an operative who goes to work in a place of manifest danger to forget."

The rule thus announced is correct in a measure, but it has its limitations. If the court intended thereby that an employee in a mill, with his mind intent upon his work, must at all times remember at his peril every unguarded device in the mill about which he is employed, it placed too heavy a tax on the human intellect. If a workman by some overt act of his comes in contact with the machinery which he is operating and which is under his immediate control, he will ordinarily be held guilty of contributory negligence; but where, in the course of his employment, he comes in contact with unguarded machinery which he is not operating and which is not under his immediate control, a different rule applies. Counsel for respondent cite, *Olson v. McMurray Cedar Lumber Co.*, 9 Wash. 500, 37 Pac. 679; *Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac. 385, and numerous other cases in this court where it is stated that "men, when they are working around dangerous machinery, must notice. Their faculties and senses are given them for the purpose of self-preservation, and they must exercise them to a reasonable extent." An examination of these cases will disclose the fact that the decisions were based in part, and in some cases almost exclusively, on the defense of assumption of risk, rather than of contributory negligence.

We think this case is controlled by the recent decisions of this court in *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915, and *Erickson v. McNeeley & Co.*, ante p. 509, 84 Pac. 3, both of which arose under this same statute. In the former case the employee had knowledge of the unguarded set screw, and knew that if his clothing came in contact with it serious injury would result. In the latter case the employee had knowledge of the unguarded saw and of necessity knew the consequences of his falling upon it.

In both cases the court held that the question of contributory negligence was for the jury. The rule is well established that a person is not necessarily guilty of contributory negligence as a matter of law simply because he had previous knowledge of the defect which caused the injury. *Kane v. Northern Cent. R. Co.*, 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339; *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, and cases cited.

On the authority of the above cases, the judgment is reversed and the cause remanded, with directions to set aside the judgment of nonsuit and award a new trial.

MOUNT, C. J., FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.

ROOT, J., having been of counsel, took no part.