[No. 7236.   Decided July 28, 1908.]

FRANK OLSEN, *Respondent*, v. TACOMA SMELTING COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—DUTY TO WARN—DANGEROUS PLACE. In an action to recover injuries sustained by one employed in a smelter in removing copper bars dropped on a table at irregular intervals by a conveyor, there is sufficient evidence to make a case for the jury, where it appears that the bars weighed about 200 pounds, and were dropped at the rate of two or three a minute, and were not long in view, that the men reached across and dragged the bars from the table by hand, that plaintiff had not previously done such work and was not instructed or warned that the conveyor did not drop the bars at regular intervals, which fact was unknown to the plaintiff, whereby a bar dropped and fell upon plaintiff's hand; since it was the duty of the master to warn him of the irregularity in the movement of the bars, as the same was not apparent and increased the dangers of the place.

SAME—INSTRUCTIONS AS TO ISSUES—PLEADINGS. It is not error to instruct the jury that a complaint for personal injuries averred that copper bars fell irregularly, of which fact the plaintiff was not warned, when the complaint only alleged generally that the place was dangerous, where general allegations covered the details stated,

[1]Reported in 96 Pac. 1036.

and where the details were set forth in reply to an answer of assumption of risks, and the irregularity of the movement of the bars was within the issues.

DAMAGES—EXCESSIVE VERDICT—LOSS OF FINGER. A verdict for $1,500 for the loss of a little finger, resulting in confinement in a hospital for but two hours, is excessive and should be reduced to $1,000.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered November 4, 1907, upon the verdict of a jury for $1,500 damages for personal injuries sustained by an employee engaged in removing copper bars from a conveyor. Affirmed on condition of remitting $500.

*John P. Hartman* and *E. R. York*, for appellant.

*Frank S. Carroll*, for respondent.

HADLEY, C. J.—This is a suit to recover damages for personal injuries. Prior to the time of the injury, the plaintiff was employed by the defendant to work at its handle furnace, but on the day of the accident he was called to assist in removing copper bars from a table on which they were being deposited by an electric conveyor. This conveyor was used for removing the bars of copper from one part of the smelter to another. The bars were about forty-two inches long, four inches wide, and four inches thick, and weighed about two hundred pounds. One end of the conveyor was immediately over the table, so that the bars would drop from the conveyor onto the table. The conveyor was above the heads of those engaged in removing the bars from the table, so that the bars could not be seen until a short time before they were ready to drop to the table, some three feet or more below, the table being about two and one-half feet above the floor. The speed of the conveyor was such that it placed upon the table from two to three bars a minute. It ordinarily required the services of two men to remove bars from the table and place them on trucks for the purpose of carrying them away, but as the plaintiff was not at the time busy at his customary station,

9—50 WASH.

he was asked to assist the other two at the table. Of course three men could do the work with greater ease than two. As the men stood in front of the table, they bent forward and reached across to get the bars, which they dragged by their hands across the table toward them. The plaintiff had been assisting at the table but a few minutes when a bar fell on his right hand, causing the loss of his little finger. He alleged in his complaint that he was instructed by the foreman to do the work, but that neither the foreman nor any one else warned him of the dangers of the place where he was working, the danger being in no way visible to him.

The defendant answered that the plaintiff was, both prior to and at the time of the injury, informed of the risks and danger incident to the place where he was working; that the same were open and apparent, and that he assumed the risk of the danger. It was also alleged that the injury was due to plaintiff's contributory negligence. The plaintiff replied that the bars did not drop from the carrier upon the table at regular intervals, and that he was not informed by any one that such was the case. The evidence showed that the allegation as to the dropping of the bars irregularly was true. The cause was tried before a jury, and a verdict was returned for the paintiff in the sum of $1,500. From a judgment entered for the amount of the verdict, the defendant has appealed.

It is first insisted that the court erred in refusing to grant a nonsuit, and also in refusing to direct a verdict in favor of the appellant. We think the foregoing statement of the facts shows that the contention in these particulars is not well taken. At best the place was an exceedingly dangerous one, and especially so in view of the manner the men were expected to remove the bars by placing their hands in the place of danger. The fact that the bars were brought up by the conveyor so as to fall upon the table after irregular intervals made the place all the more dangerous. This irregularity constituted a hidden danger of which the respondent should have been carefully warned by appellant. He testified that he received

no such warning, and that he had no knowledge thereof. The place was so dangerous that any neglect of duty, even the slightest, on the part of appellant, which might have resulted in respondent's injury, should have been submitted to the jury.

It is next assigned that the court erred in its instructions to the jury relative to the pleadings. The court stated that the complaint averred that the bars fell irregularly, of which fact the respondent was not warned. This statement was not strictly accurate, as the subject was not specifically mentioned in the complaint. The complaint did, however, substantially allege that the place was dangerous and that the danger was not visible or known to respondent. The broad allegation as to the dangerous place included the detail as to wherein it was dangerous. Moreover, after appellant had answered that the danger was open and apparent, the respondent replied that it was not so, by reason of the irregularity of the intervals between the deposits of the bars, a thing not known to him and of which he was not warned before he began to work there only a few minutes before. This subject of the irregularity in movement of the bars was, therefore, clearly and properly within the issues, and it was not error to so state it to the jury.

Error is assigned upon the refusal to give a number of requested instructions. We believe no prejudice resulted therefrom. The instructions given we think fairly covered the case.

It is contended that the verdict for $1,500 is excessive in amount. We think this contention must be sustained. The injury consisted in the loss of a little finger, and the respondent was confined to the hospital but about two hours. Of course, he suffered pain and the hand was disabled for a time; but we believe any amount in excess of $1,000 is excessive.

The judgment is therefore reversed, and the case remanded with instructions to the trial court to vacate the judgment and, if within thirty days thereafter the respondent shall file

in writing a remittance of $500 from the verdict, then judgment shall forthwith be entered in his favor for $1,000; otherwise a new trial shall be granted.

RUDKIN, FULLERTON, MOUNT, and CROW, JJ., concur.