[No. 8041. Department One. January 17, 1910.]

CHARLES McKEAN, *Respondent*, v. FRANK CHAPPELL *et al.*,
*Appellants*.[1]

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of the plaintiff, the operator of the rigging for hauling logs from the pond to the mill, is for the jury, where the plaintiff's witnesses were positive that he performed his duties in the proper and customary manner.

APPEAL—REVIEW—VERDICT. The verdict of a jury upon conflicting evidence is conclusive on appeal, when supported by substantial evidence.

MASTER AND SERVANT—INJURY TO SERVANT—PROXIMATE CAUSE. The wet and slippery condition of the floor of a mill about the rigging to haul logs from the pond, which caused the plaintiff to slip and fall, is not the proximate cause of the injury, where in falling his hand struck a stranded wire cable and the wire pierced his glove and carried him around the drum; but the defective condition of the cable was the cause.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 16, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a sawmill. Affirmed.

*Brownell & Coleman*, for appellants.

*Willett & Willett* and *A. R. Moore*, for respondent.

FULLERTON, J.—This is an appeal from a judgment for personal injuries. The appellants own a lumber mill, and employed the respondent to operate the rigging used for hauling the logs from the mill pond up to the log deck, preparatory to cutting them into lumber. The logs were hauled up a tramway or chute, which extended from the log deck down into the water of the mill pond, by means of a steel cable attached to a drum; the latter being a contrivance in the shape of a large spool fastened between frames placed

[1] Reported in 106 Pac. 184.

at the farther end of the log deck.   The drum was connected with the power of the mill by which it could be made to revolve; and by revolving it wound up the cable and thus would draw into the mill logs to which the end of the cable had been fastened.   The drum had two connections with the main shaft of the mill, each of which was operated by a lever, and both of which had to be connected in order to cause the drum to revolve, the first known as the friction gear and the other as the clutch.

The day before the accident happened by which the respondent was injured, the cable pulled loose from its fastening on the drum and was fixed by the appellant Peter Chappell.   In fixing it, some of the strands of wire of which the cable was composed were broken and the ends were left sticking out.   The respondent called the attention of Chappell to these ends, telling him that he did not feel like working around the cable in its then condition, and was told by Chappell that he had then no time to fix it, but would cut off the objectionable part just as soon as he could get around to it.   On the next day the respondent attached the cable to a log and proceeded to start the hauling machinery in motion.   He first put on the friction gear and then stepped over to close the clutch.   The lever to the clutch was laid parallel with the mill floor and some few inches above it, and the clutch was thrown on and off by moving the lever horizontally.   After stooping and moving the lever putting the clutch in place, he started to rise, when his feet slipped on some wet bark which had dropped from the logs to the mill floor, and in his endeavor to protect himself from falling, he threw out his hand, striking the cable at a place where the end of a broken wire protruded.   The end of the wire pierced his glove and held him fast to the cable, so that he was hauled to the drum and wound around it under the cable. He was carried four times around the drum, breaking one arm and both legs, one of them in two places.   For these injuries he sued in this action.

The appellants assign many errors, a number of which we think are concluded against them by the verdict of the jury. For example, it is contended that the respondent was guilty of contributory negligence in that he selected the more dangerous way by which to start the drum revolving, in that he engaged the friction gear first when he should have closed the clutch first; that he failed to remove the refuse from the floor surrounding the clutch lever before attempting to operate it, it being his duty so to do; and that he stood between the lever and the cable when engaging the clutch, whereas he should have stood on the other side of the lever. But whether any of these acts constituted contributory negligence was, under this record, a question for the jury. On each of these questions there was a conflict in the evidence. While the appellants' witnesses testified that the only safe way to operate the drum was to engage the clutch before the friction gear was engaged, that it was his duty to clean up the debris from around the lever, and that it was improper to stand between the cable and the lever when throwing in the clutch, the respondent's witnesses are equally positive that the respondent performed his duties in the customary way, and in the way that he was expected to perform them. As the jury found for the respondent they must have found in his favor on these questions, and, this being so, the questions are concluded against the appellants in so far as this court can be concerned with them. So, likewise, the question whether or not the appellants were partners or that the relation of master and servant otherwise existed between the appellants and the respondent is concluded by the verdict of the jury. There was substantial evidence to support a finding either way, and we have no warrant to interfere. Nor was there error in the order of the court overruling the appellant's challenge to the sufficiency of the evidence to sustain a verdict for the respondent. As we read the record, there was substantial evidence upon all of the issues on which the respondent had the

burden of proof.    Its probative value was therefore for the jury.

The next assignment is the contention that the proximate cause of the injury to the respondent was the wet and slippery refuse on the mill floor, and not the stranded condition of the cable, and it is argued that since the respondent assumed the risk of injury from the slippery refuse he cannot recover for any injury to which it contributed in any degree.    But this contention mistakes the rule.    The slippery condition of the debris on the floor did not cause the respondent's injury. While it caused him to fall, the fall itself caused him no injury.    His injury was due to the stranded condition of the wire cable.    It was this that brought him within range of the drum where he was injured.    Hence the condition of the cable was the proximate cause of the injury, and not the condition of the accumulated refuse upon the floor.    The case of *Hunter v. Washington Pipe etc. Co.*, 43 Wash. 167, 86 Pac. 171, does not support the appellants' contention in this regard. The employee seeking to recover in that case was not injured while in the performance of his duty.    He voluntarily went into a place of obvious danger when his incidental duties did not call him there, and it was for that reason it was held that the master was not liable, notwithstanding the master had neglected the statutory duty of placing guards over the cogwheels on which he was injured.    Here the respondent was injured while in the direct performance of his duty, on an instrumentality the dangers of which he had directly refused to assume, and which the master had expressly assumed for him.    The distinction is obvious.

The remaining assignments relate to the instructions to the jury.    But, without examining each objection separately, it is sufficient to say that the instructions were fair as a whole, and could not mislead the jury to the appellants' prejudice.

The judgment is affirmed.

Rudkin, C. J., Chadwick, and Gose, JJ., concur.