[No. 9027.  Department Two.  December 2, 1910.]

WILLIAM BERGER, *Respondent*, v. METROPOLITAN PRESS
PRINTING COMPANY, *Appellant*.[1]

APPEAL—DECISION—LAW OF CASE.  The decision of the supreme court on a former appeal becomes the law of the case.

APPEAL—REVIEW—VERDICT.  A verdict upon conflicting evidence, sustained by the respondent's testimony, will not be reversed on appeal.

MASTER AND SERVANT—NEGLIGENCE—VICE PRINCIPAL—PERSON IN AUTHORITY.  Where an employee in a printing shop was ordered by the foreman to work under the directions of a pressman, the latter was a vice principal when he called upon the former to help put a belt upon a pulley.

MASTER AND SERVANT—SAFE APPLIANCES—FACTORY ACT—APPLICATION.  The factory act, Rem. & Bal. Code, § 6587, requiring belt shifters in a factory, mill, or workshop where machinery is used, applies to a main power shaft in a printing shop.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 22, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a printing shop. Affirmed.

*Kerr & McCord*, for appellant.

*Fouts & Gould (Milo A. Root*, of counsel), for respondent.

DUNBAR, J.—This is an action for damages for the loss of an arm.  The arm was torn off by the appellant's printing plant, while respondent was attempting to assist one Carter to put on a belt which had worked off of a pulley attached to a certain shaft.  This case has previously been before this court, and is reported in 55 Wash. 422, 104 Pac. 617, to which reference is made as a part of the history of the case.  In that trial, at the close of the plaintiff's testimony, a motion for a nonsuit was sustained.  The judgment

[1]Reported in 111 Pac. 872.

of the lower court was reversed and the cause remanded for trial. Upon re-trial, judgment was rendered in favor of plaintiff, from which judgment this appeal is taken.

It was determined on the former appeal, and so expressed in the opinion, that the notice of injury was sufficient, and that there was sufficient proof of negligence to pass to the consideration of the jury, and these determinations went to the lower court as the law of the case. A comparison of the evidence offered at the prior trial with the evidence submitted at this trial convinces us that there was, at least as great a weight of testimony submitted by the respondent at the last trial as there was at the first one. Of course, we have reference to the testimony submitted by the respondent, for at the first trial no testimony was offered by the appellant, and the case here will have to be determined upon the testimony of the respondent; that is to say, if sufficient legal testimony was offered by the respondent to sustain his contention, the fact that it was disputed by the appellant would not justify a reversal of the judgment.

But even examining the testimony in this case as an original investigation, we are still of the opinion that the respondent's testimony was sufficient to show negligence on the part of the appellant, and that it cannot be said that the testimony as a whole shows contributory negligence on the part of the respondent as a matter of law. If learned counsel's statement of what the record shows could be received as the uncontradicted testimony in the case, his argument would be irresistible; for it is evident that, if respondent, with another fellow servant and without authorization, went outside of the scope of his employment and duty and got hurt, he could not recover. But the testimony of the respondent is that he was ordered by Moore, the foreman, to return to the shop that evening and help Carter; that he did so; that Carter called upon him to help put the belt on, and that in so doing he was injured. The foreman also testified that respondent, in addition to being pressman, was general helper. So that, on

this question there was a conflict of testimony. Under the uniform rulings of this court such questions, having been determined by another tribunal, are eliminated from our consideration; and conceding, as we must for the purposes of this appeal, that the respondent was working under Carter's direction by instruction of the foreman, Carter was, for the purpose of that particular employment, a vice principal of the appellant, and not a fellow servant of respondent. *Johnson v. Motor Shingle Co.*, 50 Wash. 154, 96 Pac. 962.

On the question of contributory negligence, the necessity and practicability of a belt shifter, and all the other material questions in the case, the testimony was contradictory, and the weight of the same was settled by the jury. Looking at the instructions of the court as a whole, we think the rights of the appellant were protected in every particular, and that the instructions asked for, so far as they stated the law, had in substance been given by the court. No prejudicial error is discovered in the admission or rejection of testimony.

The contention that the provisions of the factory act do not apply to belting on a main power shaft is forcibly answered by the language of the statute. Section 1, of the Laws of 1905, page 164, provides:

"That any person, firm, corporation or association operating a factory, mill or workshop where machinery is used shall provide and maintain in use, belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys while running, where the same are practicable with due regard to the nature and purpose of said belts and the dangers to employees therefrom," etc.

And this section, while amended in some particulars, is still the law of the state in the particulars under discussion [Rem. & Bal. Code, § 6587].

The judgment is affirmed.

RUDKIN, C. J., CROW, and MORRIS, JJ., concur.