[No. 9677.    Department One.    October 28, 1911.]

W. D. NOLAN, *Respondent*, v. STILLWATER LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—GUARDING MACHINERY—QUESTION FOR JURY. Where plaintiff testified that he slipped and fell and his clothes, glove, or hand caught on an unguarded belt or pulley near which he was required to work, and it appeared that it was practicable to have guarded the belt, whether the failure to guard the belt was the proximate cause of the injury was a question for the jury.

TRIAL—INSTRUCTIONS—ASSUMING FACTS—COMMENT ON EVIDENCE. It is not an unlawful comment on the facts to instruct as to defendant's liability assuming a certain fact, where, by the previous instruction, such fact was properly submitted to the jury.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $7,500, reduced by the trial court to $4,750, for the breaking of an arm, left in bad condition, is not excessive.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered November 22, 1910, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by an employee in a sawmill. Affirmed.

*Dysart & Ellsbury* and *C. D. Cunningham*, for appellant.
*Gus L. Thacker* and *Hayden & Langhorne*, for respondent.

MOUNT, J.—Action for personal injuries. Upon a trial of the case in the court below, the jury returned a verdict in favor of the plaintiff for $7,500. Upon a motion for a new

[1]Reported in 118 Pac. 340.

trial, the trial court required the remission of $2,750 as a condition for denying the motion. This remission was made, and a judgment was thereupon entered for $4,750, from which the defendant has appealed.

The appellant argues that the trial court erred in refusing to direct a verdict for the defendant. It appears that, at the time of the injury, the plaintiff was employed in the defendant's sawmill in carrying lumber on a truck from a planer to a point a short distance away; that a pulley carrying a large belt was located some six or seven feet away from where he was required to load the truck. This pulley and belt were unguarded, and ran rapidly, about two feet above the floor of the mill. The plaintiff had worked about the mill outside off and on for two or three years, but had never before worked at the machinery or near this planer. He went to work there about three hours before he was hurt. While attempting to push or pull the truck load of lumber, his hand slipped, and he fell backwards against the pulley. His left arm was caught in the belt and was broken.

It is argued by the appellant that the manner in which the plaintiff's arm was broken is left open to speculation and conjecture, and that the evidence does not show that the belt and pulley were not guarded as required by the factory act. It is true that the plaintiff was not able to state exactly how his arm was caught, but he did say: "My clothes or glove or hand caught in between the belt or pulley. . . . I do know that my arm went around that pulley because I could feel that awful sensation." This was sufficient to take the question to the jury and take it out of the realm of speculation. The photographs offered in evidence plainly show that the belt and pulley stand out unguarded. No guard had ever been provided for them. It is apparent that a simple and effective guard, without trouble or expense, could have been readily placed around it. It is also apparent that a belt and pulley like this one, so close to where the plaintiff was required to work, should have been protected. Several

witnesses for the defendant testified that it was impracticable to guard the pulley because a guard would interfere with oiling certain bearings. The evidence, however, is almost conclusive that the belt and pulley could have been advantageously guarded. The evidence shows that there had been no attempt to guard until after the accident. The question was, therefore, one for the jury. *Rector v. Bryant Lumber & Shingle Mill Co.*, 41 Wash. 556, 84 Pac. 7.

Appellant also argues that the court erred in giving the following instruction:

"I charge you that if you find from the evidence in this case that, after the accident in question to plaintiff, the defendant guarded the belt and pulley upon which the plaintiff was injured, then," etc.

It is claimed that the court assumed that the plaintiff was injured upon the belt and pulley, and that this was a comment upon a fact in dispute. We think this was not a comment upon the fact, and the court did not intend to assume it as a fact; for it had, in the preceding paragraph, stated: "If you find that certain belting and pulleys upon which the plaintiff claims to have been injured were unguarded," etc. The instructions, read as a whole, left that question to be determined by the jury. Appellant again argues that another instruction was not complete and did not state the law fully. But a former instruction had done so, and the instructions as a whole properly stated the law.

Appellant further argues that the judgment is still excessive. The injury was a severe one, and left the plaintiff's arm in bad condition. The trial court made a material reduction, and we are not satisfied that a further reduction should be made.

The judgment is therefore affirmed.

Dunbar, C. J., Parker, Fullerton, and Gose, JJ., concur.